# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NATIONAL FEDERATION OF INDEPENDENT BUSINESS <br><br> *Plaintiff,* <br><br> v. <br><br> LIVEANSWER, INC. <br><br> *Defendant.* | Civil Action No. _____ <br><br> Judge _____ <br> Magistrate Judge _____ <br><br><br><br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

National Federation of Independent Business ("NFIB") files this Complaint for trademark infringement and unfair competition against LiveAnswer, Inc. ("LiveAnswer") and states as follows:

## NATURE OF THE ACTION

This is a civil action for trademark infringement and federal unfair competition arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.* and for trademark infringement and unfair competition under the common law of the State of Tennessee.

## PARTIES

1.  NFIB is a California corporation registered to do business in Tennessee and having its headquarters at 53 Century Boulevard, Suite 250, Nashville, Tennessee 37214.

2. Defendant LiveAnswer is a Delaware corporation having its principal place of business at 1101 Brickell Avenue, Suite 800, Miami, Florida 33131.

3. On information and belief, Defendant LiveAnswer owns and operates the website http://www.liveanswer.com.

4. LiveAnswer's registered agent for service of process is Corporate Creations Network, Inc., 3411 Silverside Road, Rodney Building Suite 104, Wilmington, Delaware, 19810.

## BACKGROUND

### NFIB's Trademark Rights

5. NFIB is a leading small-business advocacy association in the United States.

6. NFIB provides services advocating interests of small businesses in Washington, D.C. and in all 50 states, operating to give small and independent businesses a voice in government policy-making on numerous issues affecting small and independent businesses.

7. NFIB is a nonpartisan, nonprofit association representing over 350,000 small and independent business owners across the nation.

8. NFIB also provides its members with products and services to help them own, operate, and grow their businesses, including access to cost-effective commercial and health insurance, savings on office equipment, maintenance & repair supplies, products to effectively market their business, and much more.

9. NFIB has devoted substantial time, effort, and resources to development and promotion of the service mark THE VOICE OF SMALL BUSINESS and the services offered thereunder. As a result, the public has come to recognize and rely on the mark THE VOICE OF SMALL BUSINESS as an identifier of NFIB as a source of Plaintiff's goods and services.

10. NFIB has been offering goods and services under the service mark THE VOICE OF SMALL BUSINESS continuously since at least as early as May 1996.

11. On May 19, 1998, the United States Patent and Trademark Office issued to NFIB U.S. Trademark Registration No. 2,159,100 for the service mark THE VOICE OF SMALL BUSINESS in connection with "association services promoting the interests of small and independent business owners before federal and state legislative and executive branches of government and the public in Class 42."

12. A true and correct copy of U.S. Trademark Registration No. 2,159,100 is filed herewith as Exhibit A.

12. NFIB is the owner of U.S. Trademark Registration No. 2,159,100 for the service mark THE VOICE OF SMALL BUSINESS.

13. U.S. Trademark Registration No. 2,159,100 for the service mark THE VOICE OF SMALL BUSINESS is recognized by the United States Patent and Trademark Office as being incontestable.

14. U.S. Trademark Registration No. 2,159,100 for the service mark THE VOICE OF SMALL BUSINESS is in full force and effect on the Principal Register of the United States Patent and Trademark Office, and such registration gives rise to presumptions in favor of NFIB with respect to validity, ownership, and exclusive rights to use the mark throughout the United States.

15. NFIB also owns common law rights in the mark THE VOICE OF SMALL BUSINESS based on its extensive use of the mark, and similar marks, in association with a wide variety of goods and services related to small and independent businesses.

16. Through its continuous and substantially exclusive use of its mark THE VOICE OF SMALL BUSINESS, NFIB's mark has come to identify NFIB as a source for its goods and services, and the mark represents enormous goodwill of great value belonging to NFIB.

### LiveAnswer's Unauthorized Use of THE VOICE OF SMALL BUSINESS

17. Upon information and belief, LiveAnswer is selling, marketing, and advertising services in the state of Tennessee using the mark THE VOICE OF SMALL BUSINESS.

18. An example of LiveAnswer's infringing use on LiveAnswer's internet website is filed herewith as Exhibit B to this Complaint.

19. LiveAnswer's use of the mark THE VOICE OF SMALL BUSINESS is likely to create confusion among the consuming public as to source, origin, sponsorship, or affiliation with NFIB.

20. Upon information and belief, LiveAnswer chose to use the mark THE VOICE OF SMALL BUSINESS to create an association with NFIB's distinctive brand when in fact no such association exists.

21. On August 18, 2014, NFIB sent a letter to LiveAnswer's counsel informing it that NFIB owns U.S. Trademark Registration No. 2,159,100 for the service mark THE VOICE OF SMALL BUSINESS, and NFIB asked LiveAnswer to stop using this mark for related goods and services.

22. On September 9, 2014, LiveAnswer responded to NFIB's letter, acknowledging NFIB's federal registration and stating LiveAnswer would continue to use the mark despite NFIB's rights in the mark.

## JURISDICTION AND VENUE

23.　This action arises under the federal trademark and unfair competition statute (the "Lanham Act"), 15 U.S.C. § 1051 *et seq.*, and under the common law of the state of Tennessee.

24.　This Court has subject matter jurisdiction for the federal trademark infringement claims asserted in this Complaint pursuant to 15 U.S.C. § 1114 (Lanham Act); 28 U.S.C. §§ 1331, 1332, and 1338. This Court has subject matter jurisdiction over the related Tennessee state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367.

25.　The amount in controversy between the parties exceeds $75,000.

26.　Venue is proper in this Court in accordance with 28 U.S.C. § 1391 because Defendant LiveAnswer has extensive contacts with, and conducts business within, the State of Tennessee and this judicial District; Defendant LiveAnswer has caused its products to be advertised, promoted, and sold in Tennessee and this judicial District; the causes of action asserted in this Complaint arise out of the Defendant's contacts with Tennessee and this judicial District; and because Defendant LiveAnswer has caused tortious injury to Plaintiff in Tennessee and this judicial District.

27.　This Court has personal jurisdiction over LiveAnswer because LiveAnswer engages in business in the State of Tennessee within the meaning of the Tennessee Long Arm Statute, Tenn. Code Ann. § 20-2-214(a)(1).

28.　The exercise of personal jurisdiction over LiveAnswer comports with due process requirements of the United States Constitution because: (a) LiveAnswer conducts business in the state of Tennessee and has purposefully established extensive contacts with the State of Tennessee by advertising, marketing and selling its services in the state of Tennessee; and (b) the

exercise of personal jurisdiction over LiveAnswer will not offend the traditional notions of fair play and substantial justice.

29. Upon information and belief, Defendant LiveAnswer has offered and provided services to Tennessee residents and companies in Tennessee and in this judicial District.

30. Upon information and belief, Defendant LiveAnswer has advertised its services in Tennessee and in this judicial District via its website and internet advertising that includes LiveAnswer's infringing use of NFIB's service mark THE VOICE OF SMALL BUSINESS.

31. Upon information and belief, Defendant LiveAnswer has previously targeted NFIB's customers by placing advertisements in third-party advertising space on NFIB's website that included LiveAnswer's infringing use of NFIB's service mark THE VOICE OF SMALL BUSINESS without authorization.

32. Upon information and belief, Defendant LiveAnswer has advertised and promoted its services nationally in conjunction with LiveAnswer's infringing use of NFIB's service mark THE VOICE OF SMALL BUSINESS across the internet on active websites that allow consumers to purchase LiveAnswer's services.

33. Defendant LiveAnswer's website is fully interactive and accessible by anyone across the United States including citizens of Tennessee.

34. Defendant LiveAnswer's website allows online sign-up, purchase, and access.

35. Defendant LiveAnswer provides a toll free number allowing anyone across the United States, including citizens of Tennessee, to contact it.

36. Defendant LiveAnswer's website alleges that it is the "Fastest Growing 24/7 Business Support Company in the U.S."

6
Case 3:14-cv-01826   Document 1   Filed 09/10/14   Page 6 of 11 PageID #: 6

37. Defendant LiveAnswer's website asks consumers to "Join thousands of companies that are choosing the better answer, whether they require phone support from a call center, answering service or virtual receptionist."

38. Defendant LiveAnswer also sells a downloadable mobile software application on the nationally accessible Apple App Store and Google Play.

## COUNT I

### Federal Trademark Infringement under 15 U.S.C. §§ 1114

39. NFIB realleges and incorporates by reference each of the numbered paragraphs above as if fully set forth herein.

40. By using Plaintiff's federally registered service mark THE VOICE OF SMALL BUSINESS on its website, on advertisements on other websites, on marketing materials, and on other media in commerce, LiveAnswer's actions are likely to cause confusion, mistake, and/or deception of the public as to the identity, origin, association, affiliation, and/or sponsorship of goods and services, causing irreparable harm to NFIB for which there is no adequate remedy at law.

41. LiveAnswer is thus in violation of 15 U.S.C. §1114 regarding U.S. Registration No. 2,159,100 for the service mark THE VOICE OF SMALL BUSINESS.

42. Such acts by LiveAnswer cause NFIB irreparable harm, including injury to NFIB's reputation and goodwill, as to which NFIB is entitled to an injunction under 15 U.S.C. § 1116 to prevent ongoing infringement.

43. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages in an amount to be determined at trial, including Defendant LiveAnswer's profits, any damages

sustained by NFIB, the costs of the action, as well as the costs of any necessary corrective advertising.

44. LiveAnswer was made aware of NFIB's prior use of THE VOICE OF SMALL BUSINESS for the relevant services, but LiveAnswer continues to infringe NFIB's service mark by using the mark THE VOICE OF SMALL BUSINESS without authorization.

45. LiveAnswer's infringing conduct and actions were and continue to be undertaken willfully and with the intention of causing confusion, mistake, and/or deception, making this an exceptional case entitling NFIB to recover additional multiplied damages and attorneys' fees pursuant to 15 U.S.C. §§ 1117.

## COUNT II

### Federal Unfair Competition under 15 U.S.C. § 1125(a)(1)(A)

46. NFIB realleges and incorporates by reference each of the numbered paragraphs above as if fully set forth herein.

47. Defendant LiveAnswer's actions, including but not limited to Defendant's use of the service mark THE VOICE OF SMALL BUSINESS and confusingly similar variations in commerce to advertise, market and sell LiveAnswer's goods and/or services throughout the United States, including in Tennessee, are likely to cause confusion, mistake and/or deception as to the affiliation, connection, and/or association of LiveAnswer with NFIB in violation of 15 U.S.C. § 1125(a)(1)(A).

48. Defendant LiveAnswer's actions, including but not limited to Defendant's use of the service mark THE VOICE OF SMALL BUSINESS and confusingly similar variations in commerce to advertise, market and sell LiveAnswer's goods and/or services throughout the

United States, including in Tennessee, are likely to cause confusion, mistake and/or deception as to the origin, sponsorship, and/or approval of LiveAnswer's goods, services and/or commercial activities by NFIB in violation of 15 U.S.C. § 1125(a)(1)(A).

49. Such acts by LiveAnswer cause NFIB irreparable harm, including injury to NFIB's reputation and goodwill, as to which NFIB is entitled to an injunction under 15 U.S.C. § 1116 to prevent ongoing infringement.

50. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages in an amount to be determined at trial, including Defendant LiveAnswer's profits, any damages sustained by NFIB, the costs of the action, as well as the costs of any necessary corrective advertising.

51. LiveAnswer was made aware of NFIB's prior use of THE VOICE OF SMALL BUSINESS for the relevant services, but LiveAnswer has continued to infringe NFIB's service mark by using the mark THE VOICE OF SMALL BUSINESS without authorization.

52. LiveAnswer's infringing conduct and actions were undertaken willfully and with the intention of causing confusion, mistake, and/or deception, making this an exceptional case entitling NFIB to recover additional multiplied damages and attorneys' fees pursuant to 15 U.S.C. §§ 1117.

## COUNT III

### Common Law Trademark Infringement and Unfair Competition

53. NFIB realleges and incorporates by reference each of the numbered paragraphs above as if fully set forth herein.

54. LiveAnswer's use of THE VOICE OF SMALL BUSINESS in commerce in connection with LiveAnswer's products are likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of LiveAnswer with NFIB, or as to the origin, sponsorship, or approval of LiveAnswer's services or commercial activities by NFIB, and NFIB is likely to be damaged by LiveAnswer's use of such words, terms, names, or false designations, all in violation of the common law of trademark infringement and unfair competition.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff NFIB respectfully prays that this Court grant the following relief:

A. That the Court enter injunctive relief, ordering that Defendant LiveAnswer, as well as its officers, agents, servants, employees, attorneys, and all others in active concert or participation with them, are enjoined and restrained from:

    1. Engaging in any conduct that infringes the service mark THE VOICE OF SMALL BUSINESS under the Lanham Act and/or under the common law; and

    2. Offering any goods or services for sale using any mark containing or confusingly similar to the mark THE VOICE OF SMALL BUSINESS;

B. That the Court award NFIB damages in the form of an accounting of Defendant LiveAnswer's profits, damages sustained by Plaintiff NFIB, and costs of the action pursuant to 15 U.S.C. § 1117 and any other applicable statutes;

C. That the Court award NFIB multiplied damages because of LiveAnswer's willful and wrongful conduct pursuant to 15 U.S.C. § 1117 and any other applicable statutes;

D. That the Court award NFIB its reasonable attorneys' fees based on the exceptional and/or intentional nature of the infringement pursuant to 15 U.S.C. § 1117 and any other applicable statutes.

E. A trial by jury as to all relevant issues suitable for determination by a jury; and

F. That the Court award such further relief as is merited under law and equity.

Dated: September 10, 2014

Respectfully submitted,

*(signature)* 028212

Edward D. Lanquist, Jr. (BPR 13303)
Matthew C. Cox (BPR 028212)
Nathan J. Bailey (BPR 026183)
WADDEY PATTERSON
Suite 500 Roundabout Plaza
1600 Division Street
Nashville, TN 37203
(615) 242-2400
edl@iplawgroup.com
mcc@iplawgroup.com
njb@iplawgroup.com

*Attorneys for Plaintiff National Federation of Independent Business*